IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHALMERS A. SIMPSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CHESTER COUNTY PRISON, ET AL. | : | NO. 10-905 |

MEMORANDUM

**Padova, J.**                                                                                              **August 19, 2010**

*Pro se* Plaintiff Chalmers Simpson brings this action *in forma pauperis* against numerous defendants, pursuant to 42 U.S.C. § 1983. Currently before the Court is Petitioner's Motion to Amend the Complaint. We have conducted the screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A, and for the following reasons the Motion is denied and the claims asserted in the Amended Complaint are dismissed with prejudice.

I.      **BACKGROUND**

Plaintiff is presently incarcerated by the Commonwealth of Pennsylvania at the State Correctional Institute at Camp Hill, Pennsylvania. Plaintiff's claims pertain to his imprisonment in the Chester County Prison between December 2008 and October 2009. On March 12, 2010, we issued an Order granting Plaintiff's application for leave to proceed *in forma pauperis*. Our Order also dismissed the Complaint pursuant to 28 U.S.C. § 1915(e), with leave to file an amended complaint within 30 days. Our March 12, 2010 Memorandum noted that Plaintiff's Complaint and additional pleadings were rambling and unclear, depriving Defendants of fair notice and preventing them from responding to his claims. As a consequence, we instructed Plaintiff that, if he filed an amended complaint, he must comply with the following requirements:

> [H]e must file an amended complaint which contains all of his claims,
> and in which he describes as legibly, clearly and briefly as possible:

(1) the specific events or conditions which violated his constitutional rights; (2) the name of each person who violated his constitutional rights; (3) the dates on which his constitutional rights were violated by each defendant; (4) the harm he suffered, if any, from each violation; and (5) the specific relief he is requesting. Plaintiff is reminded of the requirement that he plead specific fact paragraphs in his amended complaint, and that the caption of his complaint must contain the names of all of his defendants.

(Mar. 12, 2010 Mem. at 1-2.) On March 29, 2010, Plaintiff filed the present Motion to Amend the Complaint, attaching four separate new complaints under the caption of the instant suit.[1] The Amended Complaint asserts claims arising from a motor vehicle accident, the medical treatment Plaintiff received in connection with that accident, the theft of funds from Plaintiff's inmate account, and medical treatment Plaintiff received for a leg injury. Plaintiff seeks relief from the Chester County Prison, Prison Director Jack Healy, Prison Counselor Karen, Prison Counselor Shelton, Prison Inmate Robert Blake, Prime Care Medical, Inc.[2], the Chester County Sheriff's Department, the insurance company for the Chester County Sheriff's Department, Sheriff's Department Manager Carolyn Welsh, one Jane Doe and one John Doe employee of the Sheriff's Department, three nurses employed at the Chester County Prison, and two John Doe employees of the Chester County Prison.

## II.    LEGAL STANDARD

Plaintiff is a prisoner of the Commonwealth of Pennsylvania and seeks redress from governmental entities and officers and employees of governmental entities. We are thus required to review his Amended Complaint, "before docketing, if feasible . . . ." See 28 U.S.C. § 1915A(a).

---

[1] We refer to the four proposed new complaints separately in the order they were attached to the Motion as New Complaints 1-4 and collectively as the "Amended Complaint."

[2] Prime Care Medical, Inc. is mistakenly listed on the docket of this action as Prime Case Medical, Inc.

"On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Several of the Defendants listed in the Amended Complaint are not alleged to be officers or employees of any governmental entity. To the extent that we are not required to screen claims asserted against private individuals or entities pursuant to § 1915A, we are required to perform the same review of claims against non-governmental entities, officials and employees by 28 U.S.C. § 1915, because Plaintiff filed this action *in forma pauperis*. <u>See</u> 28 U.S.C. § 1915(e)(2) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."). A claim is frivolous if it is "based on an indisputably meritless legal theory" or its "factual contentions are clearly baseless." <u>Roman v. Jeffes</u>, 904 F.2d 192, 194 (3d Cir. 1990) (citing <u>Neitzke v. Williams</u>, 490 U.S. 319, 327-28 (1989)). We review the sufficiency of the pleadings under § 1915(e)(2)(B) and § 1915A using the same standard applicable to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). <u>See</u> <u>Walker v. Hensley</u>, Civ. A. No. 08-685, 2009 WL 5064357, at *4 (E.D. Pa. Dec. 23, 2009) ("The legal standard for dismissing a complaint for failure to state a claim pursuant to Section 1915(e)(2)(B) and Section 1915A is identical to the legal standard used when ruling on a Rule 12(b)(6) motion." (citing <u>Allah v. Seiverling</u>, 229 F.3d 220, 223 (3d Cir. 2000), and <u>Tourscher v. McCullough</u>, 184 F.3d 236, 240 (3d Cir. 1999))).

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6),

we look primarily at the facts alleged in the complaint and its attachments. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). We take the factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citing Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). Legal conclusions, however, receive no deference, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986) (cited with approval in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

A plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which gives the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 556). In the end, we will dismiss a complaint if the factual allegations in the complaint are not sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)).

## III.   DISCUSSION

Plaintiff has brought the claims asserted in the Amended Complaint pursuant to 42 U.S.C. § 1983, which provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "Section 1983 provides remedies for deprivations of rights established in the Constitution or federal laws. It does not, by its own terms, create substantive rights." Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (footnote omitted) (citing Baker v. McCollan, 443 U.S. 137, 145 n.3 (1979)); see also City of Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985) (stating that Section 1983 "creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere" (citing Baker, 443 U.S. at 140, 144 n.3)). Consequently, in order to state a claim for relief pursuant to § 1983, "a plaintiff must demonstrate the defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or the laws of the United States." Kaucher, 455 F.3d at 423 (citing Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999), and Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

A.     New Complaint No. 1

Plaintiff's first proposed new complaint ("New Complaint No. 1") asserts claims against the Chester County Sheriff's Department, two unnamed employees of the Sheriff's Department, Sheriff's Department Manager Carolyn Welsh, and the insurance company for the Chester County Sheriff's Department. New Complaint No. 1 alleges the following facts. On October 21, 2009, Plaintiff and four other passengers were taken from the Chester County Court house to the Chester County Prison in a van belonging to the Chester County Sheriff's Department. (New Compl. No. 1 ¶ 1.) Plaintiff and the other prisoners were escorted by two employees of the Chester County

5

Sheriff's Department, "White Jane Doe Female Driver" (who drove the van) and "White John Doe Male Driver" (who was a passenger in the van). (Id. ¶ 2.) The passengers were not wearing seatbelts because the van's seat belts were broken. (Id. ¶ 9.) After making a left turn, the van driver made a sharp right turn, causing the rear of the van to get stuck on an object. (Id. ¶ 3.) The van driver tried to free the van by accelerating, which caused the van to tilt and suddenly shoot forward, injuring Plaintiff's side and back. (Id. ¶ 4.) As a result, Plaintiff continues to have back pain, is unable to stand or sit for long periods of time, and is unable to lay on his right side and back. (Id. ¶ 5.)

New Complaint No. 1 alleges that Plaintiff's requests to go to the hospital have been repeatedly denied and that he has not been provided with the results of his x-rays. (Id. ¶ 6.) In addition, no incident reports have been filed regarding this accident, which the Sheriff's Department has attempted to "cover up" by claiming that the van hit a pothole. (Id. ¶¶ 8-9.) Plaintiff seeks monetary damages as follows: $300,000 from the "Chester County Sheriff's Department and Insurance Company;" $50,000 from "Jane Doe White Female Driver;" and $25,000 from "John Doe White Male Driver."

New Complaint No. 1 does not assert that these Defendants violated any of Plaintiff's constitutional rights or rights established by any other federal laws. Rather, New Complaint No. 1 appears to assert a claim for Plaintiff's personal injuries arising from "Jane Doe White Female Driver's" negligence in driving the Sheriff's Department's van on October 21, 2009. Negligent conduct by a government employee that causes unintended injury to an inmate does not amount to a constitutional violation and, therefore, cannot support a claim brought pursuant to § 1983. See Davidson v. Cannon, 474 U.S. 344, 347-48 (1986); Daniels v. Williams, 474 U.S. 327, 328 (1986).

We conclude that New Complaint No. 1 fails to state a claim pursuant to § 1983 upon which relief may be granted. Plaintiff's Motion to Amend the Complaint is, accordingly, denied with respect to New Complaint No. 1 and the claims asserted in that Complaint are dismissed with prejudice pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2).[3]

B.      New Complaint No. 2

Plaintiff's second proposed new complaint ("New Complaint No. 2") asserts claims against Prime Care Medical, Inc., Chester County Prison, "Nancy Head Nurse," "White Jane Doe Female Nurse," and two John Doe prison employees. New Complaint No. 2 alleges the following facts. Plaintiff sought medical attention as a result of injuries sustained in the van accident described in New Complaint No. 1. (New Compl. No. 2 ¶¶ 1-3.) He was given Motrin for his pain, but his requests for x-rays and an MRI were denied. (Id. ¶¶ 8-9.) In response to Plaintiff's complaints of severe, immobilizing pain on October 23, 2009, prison employees and medical staff rushed him to the prison's medical visitors area, where the Head Nurse examined Plaintiff, including his "anal area." (Id. ¶¶ 11-13.) At least two prison employees and four inmates were able to view Plaintiff's examination, severely embarrassing and degrading him. (Id. ¶¶ 14-16.)

Beginning on October 24, 2009, Plaintiff was housed in the medical area where he was

_____

[3]"[I]n civil rights cases, district courts must offer amendment --  irrespective of whether it was requested -- when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007). Futility "means that the complaint, as amended, would fail to state a claim upon which relief could be granted." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997) (citation omitted). In assessing futility, we apply the same standard of legal sufficiency as applies under Rule 12(b)(6). Id. (citation omitted). Since Plaintiff cannot assert a negligence claim arising from the October 21, 2009 accident upon which relief may be granted pursuant to § 1983, we find that further amendment would be futile. The claims asserted in New Complaint No. 1 are, accordingly, dismissed with prejudice.

treated rudely by nurses and prison employees.  (Id. ¶ 17.)  On October 24, 2009, Plaintiff was given his medication three hours late and was not given any water, requiring him to take his pills with juice he had left over from a prior meal.  (Id. ¶¶ 18-21.)  On October 28, 2009, the Head Nurse and a prison employee  brought Plaintiff's medication to the door of his room, but refused to bring it to his bed.  (Id. ¶ 23.)  The nurse and prison employee demanded that Plaintiff get up and retrieve his medication himself, even though they knew that he was in so much pain he could not leave his bed.  (Id. ¶ 24.)  They eventually left without giving Plaintiff his medication after Plaintiff told them that his pain made it impossible for him to get up.  (Id. ¶¶ 23-24.)

The Complaint also alleges that, on October 25, 2009, a Caucasian John Doe prison employee responded to Plaintiff's request for toilet paper by bringing it to his door but ignored Plaintiff's complaints that he was unable to walk to the door to retrieve it.  (Id. ¶¶ 26-27.)  The prison employee then left, without giving Plaintiff any toilet paper, causing Plaintiff to avoid using the bathroom for a week.  (Id. ¶ 28.)  On another occasion, an African-American John Doe prison employee emptied the juice cup on Plaintiff's breakfast tray and filled it with water, thereby denying him juice with breakfast on that day.  (Id. ¶¶ 31-34.)

The aforementioned actions have caused Plaintiff to have mental health issues, difficulty sleeping, and psychological problems.  (Id. ¶ 35.)  Plaintiff seeks monetary damages of $50,000 from the Head Nurse of Prime Care Medical, Inc., $100,000 from Prime Care Medical, Inc., $100,000 from Chester County Prison,[4] $50,000 from "Jane Doe White Female Nurse," $50,000 from "John Doe White Male Officer," and $50,000 from "Heavy Black Male Officer John Doe."

New Complaint No. 2 does not identify any specific constitutional or other federal rights

---

[4]Chester County Prison is not listed as a Defendant in the caption of New Complaint No. 2.

belonging to Plaintiff that were violated by Defendants. However, we believe that Plaintiff is attempting to assert claims relating to inadequate medical care, invasion of privacy, and poor conditions of confinement.

The Supreme Court has determined that failure to provide adequate medical treatment to a prisoner violates the Eighth Amendment when it results from "deliberate indifference to a prisoner's serious illness or injury." Estelle v. Gamble, 429 U.S. 97, 105 (1976). In order to state a claim that the medical care provided by Defendants violated his Eighth Amendment rights, Plaintiff must allege that his medical needs were serious and that prison officials were deliberately indifferent to those needs. Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). "[C]laims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.'" Id. The Supreme Court explained in Estelle that: "'[I]n the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind.'" Id. (quoting Estelle, 429 U.S. at 105, and citing Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993) and White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990)). The United States Court of Appeals for the Third Circuit has explained that deliberate indifference requires "'obduracy and wantonness,' which has been likened to conduct that includes recklessness or a conscious disregard of a serious risk." Id. (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986), and citing Farmer v. Brennan, 511 U.S. 825, 842 (1994)). The Third Circuit has found deliberate indifference in the following circumstances: (1) where the prison official "knows of a prisoner's need for medical treatment but intentionally refuses to provide it;" (2) where the prison official "delays necessary medical treatment based on a non-medical reason;" (3) where the prison official "prevents a prisoner from receiving needed or recommended medical treatment[;]"

and (4) "where the prison official persists in a particular course of treatment 'in the face of resultant pain and risk of permanent injury.'" Id. (citing Durmer, 991 F.2d at 68, and quoting Napoleon, 897 F.2d at 109-11).

New Complaint No. 2 alleges that Plaintiff's complaints of immobilizing pain were not taken sufficiently seriously by nurses and prison employees who, on two occasions, demanded that he get out of bed despite his pain. Plaintiff's inability to leave his bed led to his missing his medication on one occasion and not obtaining toilet paper on another occasion. The complaint does not allege that Plaintiff was denied his medication on any other occasion, although he once received his medication late. "'Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.'" Austin v. Tennis, No. 10-1158, 2010 WL 2089638, at *2 (3d Cir. May 26, 2010) (per curiam) (quoting United States ex rel. Walker v. Fayette County, 599 F.2d 573, 575 n.2 (3d Cir. 1979)). We conclude that the factual allegations contained in New Complaint No. 2 are insufficient to establish deliberate indifference to Plaintiff's serious medical needs and that New Complaint No. 2 fails to state a claim for violation of Plaintiff's Eighth Amendment rights upon which relief may be granted.

Plaintiff also appears to claim that his right to privacy was violated by the Head Nurse conducting an examination of him in a public area, in view of six other individuals. He claims that this examination was embarrassing and degrading. He also appears to assert claims regarding the conditions of his confinement in connection with the incidents in which he was denied juice and toilet paper. Plaintiff contends that these incidents caused him to become depressed and suicidal. "Section 803(d) of the Prison Litigation Reform Act, codified at 42 U.S.C. § 1997e(e), predicates

a prisoner's claim for mental or emotional injury suffered while in custody on a showing of accompanying physical injury." Mitchell v. Horn, 318 F.3d 523, 533 (3d Cir. 2003). Section 1997e(e) applies to claims for compensatory damages, such as those asserted in New Complaint No. 2. Id. Section 1997e(e) requires "more than a *de minimus* physical injury before an emotional injury may be alleged." Id. While New Complaint No. 2 alleges that Plaintiff had trouble sleeping as a result of these three incidents, we find that he has not alleged more than a *de minimus* physical injury. We conclude, accordingly, that Plaintiff cannot assert claims for compensatory damages for the mental and emotional injuries he suffered as a result of these incidents. New Complaint No. 2 therefore does not state claims for violation of Plaintiff's right to privacy, or regarding his conditions of confinement, upon which relief may be granted. Plaintiff's Motion to Amend the Complaint is, accordingly, denied with respect to New Complaint No. 2. We also conclude that further amendment of these claims would be futile and dismiss the claims asserted in New Complaint No. 2 with prejudice pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2).

C.     New Complaint No. 3

Plaintiff's third proposed new complaint ("New Complaint No. 3") asserts claims against Chester County Prison, Prison Director Jack Healy, Prison Counselor Shelton, Prison Counselor Karen, Prime Care Medical, Inc., and "Jane Doe White Nurse Female." New Complaint No. 3 alleges the following facts. In November, 2008, Plaintiff discovered that money had been stolen from his inmate account and notified "Keefe Comminsary [sic] Male." (New Compl. No. 3 ¶¶ 1-4.) Plaintiff discovered more money missing from his inmate account on December 3, 2008, at which time he approached several prison employees, including C.O. Banbridge, requesting that they contract Keefe Sales on his behalf. (Id. ¶ 6.) Between December 4 and 15, 2008, Plaintiff

approached many prison officials, but received no assistance. (Id. ¶ 7.) Plaintiff also filed approximately 20 requests for grievances regarding the money missing from his inmate account between December 12 and 20, 2008. (Id. ¶ 9.) Plaintiff was eventually notified, by Prison Director Jack Healy, that the missing money would be replaced. (Id. ¶¶ 9, 20.)

Additionally, between December 20, 2008 and January 5, 2009, the prison failed to forward Plaintiff's outgoing mail because he did not have sufficient funds in his inmate account. (New Compl. No. 3 ¶¶ 22-34.) In early January, Plaintiff discovered that Prison Counselor Shelton was holding five or six letters written by Plaintiff because Plaintiff did not have sufficient financial resources to pay for mailing. (Id. ¶ 29.) However, a financial statement provided by Counselor Shelton verified that Plaintiff had $60-$65 for postage in his inmate account. (Id. ¶ 32.) Counselor Shelton explained that the money had been placed in Plaintiff's inmate account after he had requested that his letters be mailed. (Id. at 34.) Plaintiff submitted three requests for grievances to Healy regarding the prison's failure to forward his mail. (Id. ¶ 37.) All of these grievances were denied. (Id. ¶¶ 38-39.) During the same time period, Prison Counselor Karen denied Plaintiff the right to make photocopies in the law library. (Id. ¶¶ 40-43.) Three of Plaintiff's fellow inmates helped him to get his photocopies. (Id. ¶ 43.)

Furthermore, on December 31, 2008 and January 1, 2009, Plaintiff was given a new medication in addition to his prior prescription for a leg injury. (Id. ¶¶ 44-48.) The new medication caused Plaintiff to suffer from nausea, vomiting, pain, depression, and sleeplessness on January 4 and 5, 2009. (Id. ¶¶ 49-52.) Plaintiff's complaints and emergency rings were ignored by Prison employees, and Prime Care Medical, Inc. has refused to tell Plaintiff what medication he was given on those days. (Id. ¶ 54.) Plaintiff's requests for grievances regarding this medication were denied.

(Id. ¶ 55.)

Plaintiff seeks monetary damages in the amount of $100,000 from Healy and Chester County Prison, $50,000 from Prison Counselor Shelton, $50,000 from Prison Counselor Karen, and $100,000 from Prime Care Medical, Inc. and its employees.

New Complaint No. 3 does not identify any specific constitutional or other federal rights belonging to Plaintiff that were violated by Defendants. New Complaint No. 3 alleges that money was missing from Plaintiff's inmate account and later replaced and, as a result, the prison delayed mailing his letters and Plaintiff was forced to rely on the assistance of other prisoners to make photocopies. New Complaint No. 3 does not allege that Plaintiff suffered any injury or incurred any expenses as a result of the delay in mailing his letters. We conclude that New Complaint No. 3 fails to state a claim pursuant to § 1983 regarding the money that was temporarily missing from Plaintiff's inmate account upon which relief may be granted.

New Complaint No. 3 also asserts that Plaintiff received improper medical treatment on December 31, 2008 and January 1, 2009 in that he was given medication that made him sick three days later. New Complaint No. 3 does not allege that Prime Care Medical, Inc. or the Chester County Prison continued to give Plaintiff the new medication after it made him ill. New Complaint No. 3 thus does not allege that any Defendant was deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment. We conclude, accordingly, that New Complaint No. 3 fails to state a claim pursuant to § 1983 upon which relief may be granted. Plaintiff's Motion to Amend the Complaint is, therefore, denied with respect to New Complaint No. 3. We also conclude that further amendment of these claims would be futile and dismiss the claims asserted in New Complaint No. 3 with prejudice pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2).

D.    New Complaint No. 4

Plaintiff's fourth proposed new complaint ("New Complaint No. 4") asserts claims against Chester County Prison, Prison Director Jack Healy, Prison Counselor Karen, and Prison Inmate Robert Blake.  New Complaint No. 4 alleges the following facts.  Money was stolen from Plaintiff's inmate account between June and August, 2009, at which point Plaintiff contacted Prison Counselor Karen multiple times; she did not respond.  (New Compl. No. 4 ¶¶ 1-7.)  Chester County Prison, Counselor Karen, and Inmate Blake, who was working as a law clerk for the prison, deducted between $200 and $400 from Plaintiff's prisoner account to make financial transactions without Plaintiff's permission.  (Id. ¶¶ 11, 15-18.)  On August 18, 2009, Healy informed Plaintiff that a mistake had been made and that his money would be returned.  (Id. ¶¶ 8-11.)  Plaintiff filed a request for grievance asking that criminal charges be filed against Counselor Karen and Inmate Blake, and that Blake be fired from his prison job, but Healy denied the grievance.  (Id. ¶¶ 11-12.)  Plaintiff seeks monetary damages in the amount of $100,000 from Chester County Prison and Prison Director Jack Healy, $50,000 from Counselor Karen, and $25,000 from inmate Robert Blake.

New Complaint No. 4 does not assert that these Defendants violated any of Plaintiff's constitutional rights or rights established by any other federal laws. While the complaint asserts that between $200 and $400 was missing from Plaintiff's account between June and August 18, 2009, New Complaint No. 4 does not allege that Plaintiff suffered any injury or incurred any expenses as a result.  We conclude that New Complaint No. 4 fails to state a claim pursuant to § 1983 regarding the money that was temporarily missing from Plaintiff's inmate account upon which relief may be granted.  Plaintiff's Motion to Amend the Complaint is, therefore, denied with respect to New Complaint No. 4.  We also conclude that further amendment of the claims asserted in New

Complaint No. 4 would be futile and dismiss the claims asserted in New Complaint No. 4 with prejudice pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2).

IV.    CONCLUSION

For the reasons stated above, Plaintiff's Petition to Amend the Complaint is denied. The claims asserted in the Amended Complaint are dismissed with prejudice in their entirety pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e). An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova
_____
John R. Padova, J.